FILED
 2009 Sep-11 AM 10:41
 U.S. DISTRICT COURT
    N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| SHEILA GARNER, | ) |
| | ) |
|    Petitioner, | ) |
| | ) |
| v. | )   Civil Action No. |
| | )   5:09-cv-1217-JEO |
| CYNTHIA S. WHEELER-WHITE, Warden, | ) |
| and TROY KING, the ATTORNEY GENERAL | ) |
| OF THE STATE OF ALABAMA, | ) |
| | ) |
|    Respondents. | ) |

**MEMORANDUM OPINION**

This is a case arising out of a petition for a writ of habeas corpus filed by a pro se Alabama state prisoner, Sheila Garner ("Petitioner" or "Garner"), pursuant to 28 U.S.C. §§ 2241 and 2254. (*See* Petition ("Pet."), Doc. 1-2). Originally filed in the Middle District of Alabama, it was transferred to this court pursuant to 28 U.S.C. § 2241(d). (Doc. 1-5). Petitioner states that she is currently confined at the "Birmingham Community Based Facility," serving a fifteen year sentence imposed on January 14, 2008, by the Circuit Court of Jackson County, Alabama, following her plea of guilty to a charge of theft of property in the second degree. (Pet. ¶¶ 1-6). The petition raises a single ground on which Petitioner seeks relief. Petitioner wants to be credited for the time she was on probation. (*Id.* ¶ 12 "GROUND ONE"). However, the petition shows that Garner has not attempted to secure relief on this by any appeal or any post-conviction application or petition to the Alabama state courts or other state authorities. (*Id.* ¶¶ 8-11).

Under Alabama law, a petition for writ of habeas corpus filed in state court is the proper method by which to test whether the State has correctly calculated time an inmate must serve in

prison. *Sundberg v. Thomas*, 13 So. 3d 43, 44 (Ala. Crim. App. 2009); *Walker v. Albright* [No. 2:09cv254-TMH], 2009 WL 1765645, *1 (M.D. Ala. June 22, 2009) (citing *Day v. State*, 879 So. 2d 1206, 1207 (Ala. Crim. App. 2003)); ALA. CODE §§ 15-21-1 through -34 (1975). Although Petitioner is asserting that the state has failed to correctly credit or otherwise calculate the time she is to serve in prison, Petitioner acknowledges that she has not raised her claim in any post-conviction motion or petition for habeas corpus in a state trial court. (Pet. ¶¶ 12(c) & (d) (Ground One)).[1]

Even assuming for the sake of argument that Petitioner is being held in violation of the laws or Constitution of the United States, which is not apparent based on the filings in this court, before being entitled to a federal writ of habeas corpus, Petitioner would be required to have exhausted all remedies that might be available to her in the state courts of Alabama. *See* 28 U.S.C. § 2254(b)(1)(A); *Hughes v. Attorney General of Fla.*, 377 F.3d 1258, 1262 & n.4 (11th Cir. 2004); *Dill v. Holt*, 371 F.3d 1301, 1303 (11th Cir. 2004); *Tooten v. Shevin*, 493 F.2d 173, 175 & n.6 (5th Cir. 1974)[2]; *Fain v. Duff*, 488 F.2d 218, 223 (5th Cir. 1973).

On July 24, 2009, the court entered an order requiring Petitioner to show cause why the petition should not be dismissed for failure to exhaust available state remedies. (Doc. 2). Petitioner was further advised that her failure to do so within twenty days of the entry of the show cause order would render her petition subject to dismissal without further notice. (*Id.*). Petitioner has not offered any explanation or excuse for her failure to first seek relief in the state courts. Petitioner has failed to respond to the show cause order, and the court concludes that the petition is due to be

---

[1] Petitioner asserts, without explanation, that she has presented her claim to the highest state court having jurisdiction. Such a conclusory assertion is insufficient.

[2] The decisions of the former Fifth Circuit handed down before October 1, 1981, are binding in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

dismissed without prejudice. A separate order in accordance with this memorandum opinion will be entered.

**DONE** and **ORDERED** this \_\_\_11th\_\_\_ day of September, 2009.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE